IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT
05 MAY 17 PM 3: 26
TX EASTERN - BEAUMONT
BY _____

| | | |
|---|---|---|
| TYRONE DEWAYNE SOMMERS | § | |
| v. | § | CIVIL ACTION NO. 9:05cv78 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Tyrone Sommers, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sommers was convicted of the prison disciplinary offense of extortion on December 23, 2004, receiving punishments of 30 days of cell and commissary restrictions, reduction in classification status from Line Class I to Line Class III, and the loss of 365 days of good time credits. As the Magistrate Judge observed, an affirmative finding of use of a deadly weapon was made in Sommers' criminal conviction and so he is not eligible for release on mandatory supervision.

Sommers argued that he did not receive proper notice of the charges, that several time limits were violated in the course of the proceedings, that the hearing officer relied solely on the charging officer's use of hearsay from a confidential informant, and that the hearing officer did not make an independent determination of the confidential informant's reliability.

On April 5, 2005, the Magistrate Judge issued a Report recommending that Sommers' petition be dismissed. The Magistrate Judge concluded, based on Sandin v. Conner, 115 S.Ct. 2293 (1995), that Sommers had failed to show that he was deprived of a constitutionally protected liberty

interest in the deprivations which he suffered as a result of the disciplinary case. *See* Sandin, 115 S.Ct. at 2300 (stating that the operative interest involved is the nature of the deprivation); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Because Sommers was not deprived of a constitutionally protected liberty interest, the Magistrate Judge reasoned that he was not entitled to relief.

Sommers filed objections to the Magistrate Judge's Report on April 26, 2005. In these objections, Sommers argues in effect that the specific actions of which he complains denied him due process. He argues that the deprivation of good time is an atypical or significant hardship because it delays his parole eligibility by 12 months; however, as the Magistrate Judge stated, there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole, which "mere hope" is not protected by due process. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979); Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993). Furthermore, as the Magistrate Judge said, the timing of Sommers' release is too speculative to give rise to a constitutionally protected liberty interest. Malchi, 211 F.3d at 959. Sommers' objection on this point is without merit.

Sommers also asserts that his placement in administrative segregation implicates a constitutionally protected liberty interest. This contention has been rejected by the Fifth Circuit. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Finally, Sommers contends that the Magistrate Judge erred by failing to consider his petition on the merits and by failing to note that the institutional procedures for ascertaining and sanctioning misconduct themselves play a major role in furthering the goals of the prison in modifying the behavior and value systems of prison inmates so as to permit them to live within the law upon their release. These claims also lack merit; Sommers' petition did not set forth the violation of a

constitutionally protected liberty interest, and his public policy argument does not itself set forth a basis for habeas corpus relief.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 17 day of May, 2005.

THAD HEARTFIELD
UNITED STATES DISTRICT JUDGE